Filed 1/12/24  P. v. Padilla CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062503 |
| v. | (Super. Ct. No. 99CF3187) |
| MICHAEL ANTHONY PADILLA, JR., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Elizabeth G. Macias, Judge.  Reversed and remanded.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Michael Anthony Padilla, Jr., pleaded guilty to one count of attempted murder (Pen. Code, §§ 187, subd. (a), 664)[1] and one count of street terrorism (§ 186.22, subd. (a)). He also admitted he committed the attempted murder for the benefit of a criminal street gang (§ 182.22, subd. (b)(1)). In exchange for the plea, the prosecution dismissed one count of attempted murder, enhancements pursuant to section 12022, subdivision (b)(1) and section 12022.7, and a willful, deliberate, and premeditated allegation pursuant to section 664, subdivision (a).

The court sentenced defendant to 10 years in state prison as follows: (1) 7 years on the attempted murder count; and (2) a consecutive term of three years for the gang enhancement. The court stayed sentence on the street terrorism count pending successful completion of sentence on the attempted murder count.

In May and June 2022, defendant filed petitions for resentencing under former section 1170.95 (now § 1172.6).[2] The trial court summarily denied defendant's petitions for resentencing, and defendant appealed. Defendant's appointed counsel advised the court he was unable to find an issue to argue on defendant's behalf and requests that we review the entire record. Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel identified the following issue to assist in our independent review: whether the trial court erred by denying the petition at the prima facie stage and not issuing an order to show cause. Defendant was given the opportunity to file written argument on his own behalf, and he did. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.) In his supplemental brief, defendant does not address the question of whether he qualifies for resentencing relief. Instead, he contends he signed the plea agreement under extreme duress. These contentions raise no arguable issues for reversal.

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

But we have examined the entire record and reverse and remand because the record of conviction does not establish as a matter of law that defendant is ineligible for relief.

FACTS

As the factual basis for his guilty plea, defendant stated: "On 12/10/99 in O.C.[,] I Michael Padilla being an active participant in a criminal street gang, to wit: VML along with others willfully knowingly and not in self defense participated by being an aider [and] abettor in the stabbing of Angel Rodriguez a human being with the intent to kill Angel Rodriguez. I did this in association with, at the direction of and for the benefit of a criminal street gang V.M.L."

In his petition for resentencing, defendant averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The court appointed counsel for defendant and received additional briefing from the prosecution and defendant. The parties submitted the matter on the briefs, and the court denied defendant's petition for resentencing. The court acknowledged defendant was not automatically precluded from resentencing relief because he had pled guilty to attempted murder. But the court held defendant was ineligible for resentencing as a matter of law because he admitted he aided and abetted in the stabbing "'with the

3

intent to kill'" the victim. Based on this admission, the court concluded defendant admitted he acted with express malice.

## DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id.*, subd. (a)(1).) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551 § 2) amended section 1172.6 to expand resentencing eligibility to persons convicted of attempted murder. A defendant convicted of attempted murder is eligible for relief under section 1172.6 only if that conviction was based on the natural and probable consequences doctrine. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Thus, a defendant convicted of attempted murder either as an actual perpetrator or a direct aider and abettor is not eligible for relief. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including the trial evidence, the jury instructions, closing arguments of counsel, and any guilty pleas. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493, overruled on other grounds in *Lewis, supra*, 11 Cal.5th at pp. 961-962.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, the information against defendant charged him with attempted murder in generic terms, according to the statutory definition of the offense. It further

4

alleged the attempted murder was committed willfully, deliberately, and with premeditation. The factual basis for defendant's guilty plea also was generic and did not foreclose liability under a natural and probable consequences doctrine. Defendant admitted he "willfully knowingly . . . participated by being an aider [and] abettor in the stabbing of Angel Rodriguez a human being with the intent to kill . . . ." Intent to kill is an element of attempted murder and is the equivalent of express malice. (*People v. Smith* (2005) 37 Cal.4th 733, 739; *People v. Lee* (2003) 31 Cal.4th 613, 623.) When a defendant is found guilty of attempted murder under a natural and probable consequences theory of liability, the specific intent to kill is imputed to the defendant from the actual killer or perpetrator. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007.) Thus, the factual basis for defendant's guilty plea, though admitting a specific intent to kill, did not demonstrate as a matter of law that he was not convicted, or could not have been convicted, under the natural and probable consequences doctrine.

In *People v. Curiel* (2023) 15 Cal.5th 433, our Supreme Court recently held a jury's finding on a gang-murder special circumstance that the defendant intended to kill did not establish the defendant was ineligible for resentencing as a matter of law. The court emphasized the intent to kill finding did not mean the jury found the requisite mens rea for direct aiding and abetting liability. (*Id.* at p. 468.) The court explained the mens rea for direct aiding and abetting requires "'knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends.'" (*Ibid.*) "[I]n the context of implied malice murder, the aider and abettor must know the perpetrator intends to commit a life-endangering act, intend to aid the perpetrator in the commission of that act, know the act is dangerous to human life, and act in conscious disregard for human life." (*Ibid.*)

Here, the factual basis for defendant's guilty plea does not establish the requisite mens rea for aiding and abetting liability. The court accordingly could not determine as a matter of law that defendant was ineligible for relief under the statute

5

based on his statement on the plea form. (*People v. Flores* (2022) 76 Cal.App.5th 974, 987 [defendant was not ineligible for resentencing as a matter of law where neither information nor guilty plea specified or excluded any particular theory of murder]; *People v. Rivera* (2021) 62 Cal.App.5th 217, 224 ["a defendant who entered a plea to murder 'with malice aforethought' is not categorically incapable of making a prima facie showing of eligibility for relief . . . because such a plea is not necessarily an admission that the crime was committed with actual malice"]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 970-971 [pleading guilty to premeditated first degree murder committed during a robbery did not make the defendant ineligible for relief as a matter of law].)

## DISPOSITION

The postjudgment order is reversed and remanded for further proceedings.

SANCHEZ, J.

WE CONCUR:

GOETHALS, ACTING P. J.

DELANEY, J.

6